

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNDERSEA BREATHING
SYSTEMS, INC.,

     Plaintiff,

v.

NU VENTURE DIVING CO.
d/b/a NUVAIR,

     Defendant.

_____/

CASE NO.:

*6: 08-CV-229-ORL-18G-JK*

## COMPLAINT
## FOR PATENT INFRINGMENT AND BREACH OF CONTRACT
## INJUCTIVE RELIEF AND JURY TRIAL REQUESTED

Plaintiff UNDERSEA BREATHING SYSTEMS, INC., files this Complaint against

Defendant NU VENTURE DIVING CO. d/b/a NUVAIR, and alleges the following:

### PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff Undersea Breathing Systems, Inc., ("UBS") is a Florida corporation.

2.     Defendant Nu Venture Diving Co., ("Nuvair") is a California corporation

maintaining its principal place of business in Oxnard, California.

3.     This is a claim for patent infringement arising under the patent laws of the United

States, Title 35 of the United States Code. This is also and action for breach of contract under

Florida law, based upon an agreement negotiated and executed in Orlando, Florida. Subject

matter jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§1331, 1338, and 1367.

4.     Nuvair regularly and continuously transacts business in Florida, has engaged in

the infringing activity complained of in this judicial district, negotiated and executed the contract

at issue in this judicial district and division, and has otherwise engaged in conduct sufficient to

subject it to the personal jurisdiction of this Court in accordance with the Florida Long-Arm Statute and due process.

5.      Venue is proper in this district under 28 U.S.C. §1391(b)-(c) and 28 U.S.C. §1400(b).

## GENERAL ALLEGATIONS

6.      UBS is engaged in the research, development, and sale of systems for producing and supplying nitrox gases for underwater breathing applications.  William Delp is the president of UBS and the inventor of several United States Patents relating to nitrox systems.

7.      UBS is the assignee of several United States Patents covering inventions by William Delp, including United States Patent No. 5,611,845 ("the '845 Patent"), attached as Exhibit 1; United States Patent No. 5,858,064 ("the '064 Patent"), attached as Exhibit 2; and United States Patent No. 5,865,877 ("the '877 Patent"), attached as Exhibit 3.

8.      On January 28, 2005, UBS and Nuvair entered into an agreement under which Nuvair was granted a limited license under UBS technology.  The scope of the limited license set forth in the agreement is defined to expressly prohibit sales to ambulance operators, fire departments, and agencies of the Defense Department, including the Army, Navy, Air Force, and Coast Guard.  The limited license also requires Nuvair to properly mark its nitrox systems with the UBS patent numbers.

9.      On May 16th, 2007, Patrick Air Force Base ("PAFB"), located in Brevard County, Florida, solicited bids on a replacement nitrox system.  The original PAFB system was a UBS-licensed system.  UBS subsequently learned that Nuvair sold a nitrox system to PAFB on August 24th, 2007, in violation of the terms of Nuvair's limited license.  Nuvair also failed to properly mark the nitrox system sold to PAFB.

2

10.     Nuvair's sale to PAFB amounted to a material breach of the limited license agreement by Nuvair.

11.     Nuvair's sale of an unlicensed nitrox system is also an infringement of the UBS Patents.

12.     On information and belief, Nuvair has also sold or offered for sale the UBS technology to other entities in violation of Nuvair's license.

13.     On information and belief, Nuvair continues to pursue sales of UBS technology to entities outside the scope of Nuvair's license.

14.     As a result of Nuvair's sales and marketing activities, Plaintiff has incurred monetary damages and has and will incur irreparable harm.

15.     All conditions precedent to suit have occurred or been waived.

## COUNT I
## PATENT INFRINGEMENT
## UNITED STATES PATENT NOS.
## 5,611,845, 5,858,064, and 5,865,877

16.     UBS repeats and realleges paragraphs 1-15, and restates them as though fully set forth herein.

17.     Count I is an action by UBS against Nuvair for monetary damages and injunctive relief for Nuvair's direct infringement, contributory infringement, and/or inducing infringement of the '845 Patent, the '064 Patent, and the '877 Patent (hereinafter, "Patents in Suit").

18.     UBS owns and has standing to sue for the infringement of the Patents in Suit.

19.     Nuvair is directly infringing, inducing infringement by others, and/or contributorily infringing the Patents in Suit through, among other activities, making, using, offering to sell, and selling in the United States, and/or importing into the United States, without

3

authorization or license, products that infringe, or are used to infringe, at least one claim of each of the Patents in Suit.

20.    UBS has suffered a compensable injury by reason of Nuvair's infringements of the Patents in Suit, and will suffer irreparable injury unless Nuvair's infringing activities are not preliminarily and then permanently enjoined.

21.    Upon information and belief, Nuvair's infringing conduct has been engaged in willfully and in bad faith justifying an award of increased damages and attorney's fees.

WHEREFORE, Plaintiff UBS asks this Court to enter judgment against Defendant Nuvair, granting the following relief:

A.    An award of damages, together with interest and costs for infringement of the Patents in Suit, under the Patent Act, including without limitation, 35 U.S.C. §284;

B.    Enhanced damages under 35 U.S.C. §284;

C.    An award to Plaintiff of its attorney's fees under 35 U.S.C. §285;

D.    A preliminary and permanent injunction prohibiting further infringement of the Patents in Suit under 35 U.S.C. §283;

E.    That Nuvair be required to provide an accounting of all sales to determine the amount of profits and unjust enrichment it has received from its infringing actions; and

F.    Such other and further relief as this Court deems proper and just.

## COUNT II
## BREACH OF CONTRACT

22.    UBS repeats and realleges paragraphs 1-15, and restate them as though fully set forth herein.

4

23.     Count II is an action by UBS against Nuvair for monetary damages and injunctive relief for breach of contract.

24.     Nuvair entered into a limited license agreement with UBS.

25.     Nuvair materially breached the terms of the agreement, proximately causing damages to UBS.

26.     Upon information and belief, UBS continues to offer nitrox systems in breach of its limited license agreement with UBS.

WHEREFORE, Plaintiff UBS asks this Court to enter judgment against Defendant Nuvair, granting the following relief:

A.     Entering a judgment for monetary damages for the breach of contract by Nuvair;

B.     A preliminary and permanent injunction prohibiting Nuvair from further breach its license agreement with UBS; and

C.     Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable, presented in this Complaint.

5

Dated this 13th day of February, 2007

Brian R. Gilchrist
Florida Bar No. 774065
bgilchrist@addmg.comDavid Magana
Florida Bar No. 41485
dmagana@addmg.com
Jeffrey S. Boyles
Florida Bar No. 722308
jboyles@addmg.com
**ALLEN, DYER, DOPPELT,**
  **MILBRATH & GILCHRIST, P.A.**
255 South Orange Avenue
Suite 1401
Orlando, Florida 32801
Telephone: 407-841-2330
Facsimile: 407-841-2343

**Attorneys for Plaintiff,**
**Undersea Breathing Systems, Inc.**

6